UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JASON WILLIAMS, : NO. 1:07-CV-00653
:
    Petitioner, :
:
    v. : **OPINION AND ORDER**
:
WARDEN, NOBLE CORRECTIONAL :
INSTITUTION, :
:
    Respondent. :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 24) and Petitioner's Objection (doc. 27). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and DENIES Petitioner's Petition for Writ of Habeas Corpus.

**I.   Background**

In January 2006, the Butler County Grand Jury indicted Petitioner on one count of felonious assault, two counts of failure to comply with an order or signal of a police officer, one count of failure to stop after an accident, and one count of driving under suspension (doc. 24). Subsequently, Petitioner entered into a plea agreement and pled guilty to an amended charge of attempted vehicular assault, one count of failure to stop, one of the two counts of the failure to comply charges, and one count of driving under suspension (Id.). In a judgment entry dated April 19, 2006, the state court sentenced Petitioner to confinement of 5 years for

all counts (Id.).

On November 30, 2006, Petitioner filed a notice of appeal and a motion for leave to file a delayed appeal, pro se, before the Ohio Court of Appeals, Twelfth Appellate District (doc. 24). Petitioner argued he had instructed his attorney, Gregory Howard, to file an appeal and that his attorney failed to do so (Id.). The Court denied Petitioner's motion for delayed appeal and dismissed the cause without opinion on March 14, 2007 (Id.).

Petitioner timely appealed to the Supreme Court of Ohio. Petitioner asserted six propositions, as follows: "(1) the entry decision of the Appeals Court resulted in a miscarriage of justice; (2) conviction against the manifest weight of evidence; (3) the indictment was unlawfully induced; (4) Defendant is innocent due to the police misconduct and conspiracy and Fourth Amendment rights and due process; (5) ineffective counsel and broken plea agreement; (6) sentence is contrary to law" (doc. 24). On July 25, 2007, the Supreme Court of Ohio denied Petitioner's leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question" (Id.).

In August 2007, Petitioner, proceeding pro se, filed the instant Petition for Writ of Habeas Corpus (doc. 24). Petitioner raised four grounds for relief: (1) denial of right of appeal; (2)conviction obtained against the manifest weight of evidence and unlawfully indicted; (3) denial of effective assistance of counsel;

and (4) sentence is contrary to law & Constitution (<u>Id.</u>).

**II.  The Magistrate Judge's Report and Recommendation**

The Magistrate Judge held an evidentiary hearing, reviewed Petitioner's Writ and Respondent's Return of Writ, and held that Petitioner is not entitled to habeas relief based on any grounds in the Petition (doc. 24).

In reaching this conclusion, the Magistrate Judge found attorney Gregory Howard's testimony credible and further found that aside from Petitioner's testimony, Petitioner lacked corroborating evidence for his claims alleged in grounds one and three of the Petition that he instructed Howard to file an appeal (doc. 24). Therefore, the Magistrate Judge determined that Petitioner did not meet his burden of proving by a preponderance of the evidence that he invoked his right of appeal which his trial counsel failed to honor (<u>Id.</u>).

The Magistrate Judge proceeded to address Petitioner's claim in ground two for unlawful conviction (doc. 24). The Magistrate Judge noted that in pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. <u>United States v. Pickett</u>, 941 F.2d 411, 416 (6th Cir. 1991). Furthermore, it is well-settled that there is not even a federal constitutional right to an indictment in state criminal proceedings. <u>Hurtado v. California</u>, 110 U.S. 516, 537-38 (1884). Finally, by pleading

3

guilty, Petitioner forfeited his right to challenge the sufficiency of evidence supporting his convictions. See e.g., United States v. Martin, 526 F.3d 926, 932-33 (6th Cir. 2008). Accordingly, the Magistrate Judge found that Petitioner waived the claims of non-jurisdictional error alleged in ground two when he voluntarily entered his guilty pleas (doc. 24).

As for ground three, regarding trial counsel's alleged ineffectiveness in failing to investigate and to argue unlawful search and seizure, the Magistrate Judge found that it was neither unreasonable nor prejudicial in this case (doc. 24). Furthermore, the Magistrate Judge found that Petitioner's argument that trial counsel improperly induced him to enter his guilty plea was without merit and that Petitioner's trial counsel provided reasonable assistance in light of all the circumstances surrounding the case (Id.). The Magistrate Judge noted that counsel was able to negotiate a plea bargain that substantially reduced the amount of prison time that Petitioner could have received if convicted on all charges (Id.).

Finally, the Magistrate Judge addressed Petitioner's claim in ground four for imposition of a sentence contrary to law (doc. 24). The Magistrate Judge noted that under Ohio law, a "sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by

4

a sentencing judge." Ohio Rev. Code § 2953.08(D). Although Petitioner argued that his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004), the Magistrate Judge noted that this Court has consistently recognized that this argument is waived by agreeing as a term of the plea bargain to a specified prison sentence (doc. 24). Therefore, the Magistrate Judge found that Petitioner had not demonstrated he is entitled to relief based on the merits of the sentencing-error claim alleged in ground four (Id.).

Having found that Petitioner's four claims were without merit, the Magistrate Judge concluded that Petitioner was not entitled to habeas relief.

**III. Petitioner's Objections**

In his Objection, Petitioner argued that he had instructed his attorney to file a Notice of Appeal (doc. 27). In Petitioner's view, there were inconsistencies in his attorney's testimony, who failed to testify accurately regarding Petitioner's appellate rights and the plea agreement (Id.). Furthermore, according to Petitioner, Petitioner gave detailed, consistent, and logical testimony regarding when he requested his attorney to file the notice and why he requested it. Therefore, the Petitioner argues that ample evidence was presented to support his contention under ground one that his trial counsel was asked to file a notice

5

of appeal (Id.). Additionally, the Petitioner objects to the findings and conclusions made in the Magistrate Judge's Report and Recommendation regarding grounds two, three, and four, however Petitioner provides no substantive basis for such objections.

**IV. Conclusion**

Having reviewed this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. The Court is in agreement that Petitioner did not meet his burden of proving ineffective counsel or that he invoked his right of appeal which his trial counsel failed to honor. The Court is further in agreement that Petitioner waived his claim for unlawful conviction when he voluntarily entered his guilty plea. Finally, the Court is in agreement that the sentence imposed in this case was authorized by Ohio law.

Accordingly, the Court DENIES with prejudice Petitioner's Petition for a Writ of Habeas Corpus (doc. 1). The Court further finds that a certificate of appealability should not issue with respect to the grounds for relief alleged in the instant petition, because under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether Petitioner has stated a viable constitutional claim in his grounds for relief challenging his

sentence, which was agreed to as a term of the parties' plea bargain. 28 U.S.C. § 2253 (c), Fed. R. App. P. 22(b). Finally, with respect to any application by Petitioner to proceed on appeal <u>in forma pauperis</u>, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal <u>in forma pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).


SO ORDERED.


Dated: March 16, 2010        <u>/s/ S. Arthur Spiegel        </u>
                             S. Arthur Spiegel
                             United States Senior District Judge